CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MARVIN ANIBAL TECUN-BATZIBAL and                     :       Case No. 22-CV-2492
LUCAS BATZIBAL-MEJIA, on behalf of themselves        :
and others similarly situated,                        :
                                                      :
                              Plaintiffs,             :       FLSA COLLECTIVE
                                                      :       ACTION COMPLAINT
          -against-                                   :
                                                      :
PIE CHATACH 1776 LLC d/b/a PESCADA,                  :       **Jury Trial Demanded**
ROVI COHEN, YANIV BENISTY,                            :
RAPHAEL TREITEL, and DAN MIZRACHI,                    :
                                                      :
                              Defendants.             :
-------------------------------------------------------------------------X

Plaintiffs, MARVIN ANIBAL TECUN-BATZIBAL and LUCAS BATZIBAL-

MEJIA ("Plaintiffs"), on behalf of themselves and other similarly situated employees, by

and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint

against defendants PIE CHATACH 1776 LLC d/b/a PESCADA ("PIE CHATACH 1776

LLC"), ROVI COHEN, YANIV BENISTY, RAPHAEL    TREITEL,    and    DAN

MIZRACHI (collectively, the "Individual Defendants") (PIE CHATACH 1776 LLC and

the Individual Defendants are collectively referred to herein as the "Defendants") and

state as follows:

## INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day their work shift exceeded ten (10) hours, (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiffs are residents of Kings County, New York.

6.     Defendant, PIE CHATACH 1776 LLC, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 1776 Ocean Avenue, Brooklyn, New York 11230.

7.     Defendant, PIE CHATACH 1776 LLC, owns and operates a gourmet kosher restaurant, doing business as Pescada, located at 1776 Ocean Avenue, Brooklyn, New York 11230 (the "Restaurant").

8.     Defendant, PIE CHATACH 1776 LLC, employs at least eleven (11) individuals at the Restaurant at any given time.

9.     The Individual Defendants are the officers and principal owners, members, directors, supervisors, managing agents, and proprietors of PIE CHATACH 1776 LLC, who actively participate in the day-to-day operation of the Restaurant and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with PIE CHATACH 1776 LLC.

10.     The Individual Defendants exercise control over the terms and conditions of the Restaurant employees' employment in that they have the power to and do in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise the work of the employees, and (v) create maintain wage and hour records.

11.     At least within each of the three (3) most recent years related to the allegations herein, PIE CHATACH 1776 LLC was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or

produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12.     Defendants continuously employed Plaintiff, MARVIN ANIBAL TECUN-BATZIBAL, to work as a non-exempt cook for Defendants' Restaurant from in or about June 2020 until on or about March 20, 2022.

13.     Defendants continuously employed Plaintiff, LUCAS BATZIBAL-MEJIA, to work as a non-exempt cook for Defendants' Restaurant from in or about April 2020 until on or about February 27, 2022.

14.     The work performed by Plaintiffs was directly essential to the business operated by Defendants.

15.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

17.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18.     The Individual Defendants actively participate in the day-to-day operation of the Restaurant.  For instance, the Individual Defendants jointly make the decision to hire and fire employees; supervise and direct the work of the employees; and instruct the employees how to perform their jobs.

19.     Additionally, the Individual Defendants jointly create and implement all business policies and makes all crucial business decisions, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

**Plaintiff Marvin Anibal Tecun-Batzibal**

20.     In or about June 2020, Defendants hired Plaintiff, MARVIN ANIBAL TECUN-BATZIBAL, to work as a non-exempt cook at the Restaurant.

21.     Neither at the time of hire, nor anytime thereafter, did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credits taken against the statutory minimum wage, and Plaintiff's corresponding overtime rate of pay.

22.     Plaintiff worked for Defendants in that capacity until on or about March 20, 2022.

23.     Plaintiff worked over forty (40) hours per week.

24.     Plaintiff was required to punch a time clock or other time-recording device at the beginning and end of his work shift.

25.     Throughout the entirety of his employment, Plaintiff worked five (5) days per week (Friday and Saturday off) and his work shift consisted of thirteen (13) hours per day from 10:30 a.m. until 11:30 p.m.

26.     Plaintiff did not receive a designated break for rest or meals.

27.     For the first month of Plaintiff's employment, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid by check at the rate

of $18 per hour straight time for all hours worked and worked sixty-five (65) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

28.     Beginning in or about July 2020 and continuing through the remainder of his employment on or about March 20, 2022, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid by check at the rate of $210 per day straight time for all hours worked and worked sixty-five (65) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29.     In the event that Plaintiff did not work on a given day, or worked less than a full day, Defendants deducted the equivalent of Plaintiff's pro rata daily rate from Plaintiff's wages.

30.     Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with accurate and complete wage statement setting forth, among other things, Plaintiff's hours worked, hourly rate, etc.

**Plaintiff Lucas Batzibal-Mejia**

31.     In or about April 2020, Defendants hired Plaintiff, LUCAS BATZIBAL-MEJIA, to work as a non-exempt cook at the Restaurant.

32.     Neither at the time of hire, nor anytime thereafter, did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credits taken against the statutory minimum wage, and Plaintiff's corresponding overtime rate of pay.

33.     Plaintiff worked for Defendants in that capacity until on or about February 27, 2022.

34.     Plaintiff worked over forty (40) hours per week.

35.     Plaintiff was required to punch a time clock or other time-recording device at the beginning and end of his work shift.

36.     Plaintiff did not receive a designated break for rest or meals.

37.     From the beginning of his employment and continuing through in or about October 2020, Plaintiff worked five (5) days per week (Friday and Saturday off) and his work shift consisted of thirteen (13) hours per day from 10:30 a.m. until 11:30 p.m.

38.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid by check at the rate of $190 per day straight time for all hours worked and worked sixty-five (65) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39.     Beginning in or about November 2020 and continuing through April 2021, Plaintiff worked five and one-half (5½) days per week and his work shift consisted of thirteen (13) hours per day Monday through Thursday from 10:30 a.m. until 11:30 p.m.; and six (6) hours on Saturday from 6:00 p.m. until 12:00 a.m.

40.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid by check at the rate of $190 per day straight time for all hours worked and worked seventy-one (71) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

41.     Beginning in or about May 2021 and continuing through in or about June 2021, Plaintiff worked five (5) days per week (Friday and Saturday off) and his work shift consisted of thirteen (13) hours per day from 10:30 a.m. until 11:30 p.m.

42.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid by check at the rate of $190 per day straight time for all hours worked and worked sixty-five (65) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

43.     Beginning in or about July 2021 and continuing through the remainder of his employment on or about February 27, 2022, Plaintiff worked five (5) days per week (Friday and Saturday off) and his work shift consisted of thirteen (13) hours per day from 10:30 a.m. until 11:30 p.m.

44.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid by check at the rate of $200 per day straight time for all hours worked and worked sixty-five (65) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

45.     In the event that Plaintiff did not work on a given day, or worked less than a full day, Defendants deducted the equivalent of Plaintiff's pro rata daily rate from Plaintiff's wages.

46.     Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with accurate and complete wage statement setting forth, among other things, Plaintiff's hours worked, hourly rate, etc.

47.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

48.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees a "spread of hours" premium for each day that their work shift exceeded ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

49.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt "back-of-the-house" employees who have been or were employed by Defendants since May 2, 2019 through the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

51.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective

Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

52.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

53.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

54.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

55.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.     Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     Whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.     Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

56.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

57.     Plaintiffs and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

58.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60.     At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

61.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, PIE CHATACH 1776 LLC has had gross revenues in excess of $500,000.

62.     Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

63.     Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

64.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs and the Collective Action Members.

66.    As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

67.    Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

68.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

69.     Due to Defendants' reckless, willful and unlawful acts, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

70.     Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

71.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72.     Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

73.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

74.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

75.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay a "spread of hours" premium to Plaintiffs for each day that their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

76.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

14

77.    Defendants failed to furnish Plaintiffs with a statement with every payment of wages accurately listing hours worked, hourly rate, overtime, etc., in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

78.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

79.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

80.    Neither at the time of their hiring, nor thereafter, did Defendants notify Plaintiffs of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

81.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

82.    Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs MARVIN ANIBAL TECUN-BATZIBAL and LUCAS BATZIBAL-MEJIA, on behalf of themselves and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
       May 2, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102


By: _____
    Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Marvin Anibal Tecun Batzibal, am an individual currently or formerly employed by Pescada New York and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
      April 5, 2022

 

Marvin Anibal Tecun Batzibal

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Lucas Batzibal-Mejia, am an individual currently or formerly employed by Pescada NY and/or related entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
      April 7, 2022

 

Lucas Batzibal-Mejia